William H. TSCHAPPAT, Plaintiff,

v.

Robert REICH, Secretary, U.S. Department of Labor, Defendant.

Civil Action No. 96–1032.

United States District Court, District of Columbia.

March 18, 1997.

Bernard Melvin Dworski, McLean, VA, Solomon I. Hirsh, Chicago, IL, for William H. Tschappat.

Claire M. Whitaker, U.S. Attys. Office, Washington, DC, Young B. Kim, U.S. Attys. Office, Chicago, IL, for Robert Reich.

## MEMORANDUM OPINION

SPORKIN, District Judge.

### A. Factual Background

This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's opposition thereto. Plaintiff has brought his complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 621, *et seq.* The Court heard oral argument on the motion on February 28, 1997.

Plaintiff, a 60–year–old male, has been employed by the Occupational Safety and Health Administration ("OSHA"), an agency of the Department of Labor, since November 1979. Plaintiff applied for the position of Safety and Occupational Health Manager ("SOH Manager"), advertised under Merit Vacancy Announcement No. PH–93–116, on September 22, 1993. The individual selected for the position would serve as the Director of the Washington District office.

The selecting official interviewed eight candidates, including Plaintiff, for the position. Seven of the candidates were male and one was female. A 42–year–old female was selected for the position on November 19, 1993.

The selecting official states in his affidavit that the selectee demonstrated an ability to communicate effectively, received a superior performance rating, and responded well to substantive questions during her interview. Plaintiff allegedly made more grammatical errors on his application and received a lower performance rating than did the selectee. (Terry Lane Affidavit, para. 23). Moreover, Plaintiff appeared to be uncomfortable during his interview, failed to clearly articulate his responses to various questions, and, in answering a question relating to inquiries

from the press, cast doubt on his ability to deal with the press diplomatically. (Lane, para.14). The candidates were rated equally in the area of proven management ability, as neither candidate had held a permanent management or supervisory position in the past. (Lane, para.17). The selecting official concluded that the selectee was the most qualified candidate for the position. (Lane, para.25).

Plaintiff asserts that the Court should discredit the selecting official's testimony because the official failed to retain the notes he took during the selection process. Plaintiff intimates that the official deliberately destroyed his notes because they would establish that he improperly considered the age and sex of the candidates in making his decision. Plaintiff failed to proffer any evidence to support this allegation. Defendant contends that the official was not required to keep such notes and that they were inadvertently misplaced or destroyed when he retired. It is undisputed that the notes were misplaced or destroyed prior to the commencement of this litigation.[1]

## B. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The non-moving party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Any factual assertions contained in affidavits and

other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In making its decision, the Court must draw all reasonable inferences from the facts placed before the Court in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

## C. Analysis & Decision

A plaintiff must establish a prima facie case of employment discrimination in order to defeat a motion for summary judgment. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A prima facie case of employment discrimination involving the discriminatory denial of a promotion consists of the following elements: (1) the plaintiff is a member of a protected class; (2) the plaintiff applied and was qualified for the position at issue; (3) the plaintiff was considered for and denied the promotion; and (4) the position was filled by a similarly qualified employee from outside the protected class. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

Once the plaintiff establishes a prima facie case of employment discrimination the defendant must assert a legitimate non-discriminatory basis for its hiring decision. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093–94. If the defendant meets its burden, the plaintiff must then demonstrate that the reason articulated by the defendant for its decision is a "mere pretext for discrimination." *Koger v. Reno*, 98 F.3d 631, 633 (D.C.Cir.1996).

The parties agree that Plaintiff can make out a prima facie case of employment discrimination (age and gender). Plaintiff is a 60–year–old male; he is a member of a protected class; he has applied for and was certified as eligible for a promotion to a

---

1. There is some evidence that the official's notes were misplaced or destroyed during the administrative process. The administrative law judge for the Equal Employment Opportunity Commission found that Plaintiff failed to proffer any credible evidence that Defendant disposed of the notes in an improper manner.

GM13 SOH Manager position; he was considered for and denied the promotion; and the position was filled by a significantly younger woman.

Defendant has articulated several legitimate, non-discriminatory reasons for Plaintiff's nonselection. The record shows that the selecting official evaluated each candidate for the position at issue in light of the criteria set forth above. The official chose the selectee for the position because he felt that she was particularly well suited for it, having had experience in performing inspections at federal agencies and having presented herself well during the interview. Plaintiff's assertion that the Court should discredit the selecting official's testimony is without merit. Plaintiff has not provided any corroborating evidence to support his allegation that the official deliberately destroyed or misplaced his notes to impede this litigation.

Viewing the matter in the light most favorable to Plaintiff, "there is no genuine issue as to any material fact and [defendant] is entitled to judgment as a matter of law." Plaintiff has made no showing that Defendant's reasons for Plaintiff's nonselection are a pretext for unlawful discrimination. Indeed, he provides no support through affidavit or other documentary evidence to support his contention that he was subject to age or gender discrimination. Accordingly, the Court finds that summary judgment is appropriate.

This case shows once again the need to adjust our anti-discrimination laws. The evidence needed to make a prima facie case is much too low. It seems that almost anyone not selected for a job can maintain a court action. It is for this reason that the federal courts are flooded with employment cases. We are becoming personnel czars of virtually every one of this nation's public and private institutions. The drafters of the original legislation could never have intended the resulting consequences from what they deemed to be necessary, progressive legislation. It is obvious that amendatory legislation is required.

What is needed is a better screening mechanism as a pre-requisite for gaining access to this nation's federal court system. If an appropriate screening mechanism cannot be devised, then at a minimum a new Article 1 court should be created to hear this flood of cases. The point is some change is urgently needed.

Defendant's motion for summary judgment on Plaintiff's Title VII and ADEA claims is granted. An appropriate order follows this opinion.

### ORDER

This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's opposition thereto. For the reasons stated in the attached Memorandum Opinion, it is hereby

**ORDERED** that Defendant's motion for summary judgment be **GRANTED**; and it is further

**ORDERED** that this action be **DISMISSED.**